DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue, 34th Floor
New York, New York 10158
(212) 557-7200
David Wander, Esq. (dhw@dmlegal.com)
*Former Attorneys for Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:                                                     Chapter 7

MILKY WAY PRODUCTIONS, INC.,                Case No. 03-42497 (RDD)

                              Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**SUMMARY SHEET OF APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

**FINAL APPLICATION**

| | |
|---|---|
| **NAME OF APPLICANT:** | **Davidoff Malito & Hutcher LLP** |
| **TIME PERIOD:** | September 1, 2004 – January 15, 2006 |
| **ROLE IN CASE:** | Former Attorneys for Chapter 7 Trustee |
| **CURRENT APPLICATION**: | Fees Requested: $74,354.00 |
| | Expenses Requested: $833.99 |
| | Payment Requested: $75,187.99 |
| **PRIOR APPLICATIONS:** | Interim Application November 2, 2004 |

**THIS IS A FINAL APPLICATION**

00406876

DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue, 34th Floor
New York, New York 10158
(212) 557-7200
David Wander, Esq. (dhw@dmlegal.com)
*Former Attorneys for Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| In re: | Chapter 7 |
| MILKY WAY PRODUCTIONS, INC., | Case No. 03-42497 (RDD) |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### APPLICATION FOR FINAL COMPENSATION BY DAVIDOFF MALITO & HUTCHER LLP AS FORMER ATTORNEYS FOR THE CHAPTER 7 TRUSTEE

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Davidoff Malito & Hutcher LLP (the **"Firm"** or **"Applicant"**) submits this application for final allowance of compensation and reimbursement of expenses, as former attorneys for the Chapter 7 trustee, Roy Babitt (**"Trustee"**)**,** and represents and says as follows:

## I.    INTRODUCTION

1.    The Firm requests an award of final compensation for the period <u>September 1, 2004 to January 15, 2006</u> (**"Application Period"**), in the sum of **$75,187.99** including fees of **$74,354.00** and reimbursement of expenses of **$833.99,** pursuant to § 330 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1.

2.    The Firm also requests payment of the holdback from the Firm's interim application of compensation in the amount of **$15,000.00.**

3. The Firm spent **216.90 hours** on this case during the Application Period at a blended hourly rate of **$365.85**

4. The fees charged by Applicant are based upon Applicant's ordinary and customary hourly rates for services of the type and nature that have been rendered in this case.

5. A certification by David Wander, Esq., a member of the Firm, is annexed as **Exhibit A.**

6. A summary of the Firm's fees, including (i) a list of professionals and paraprofessionals who have worked on this case and their customary hourly rates, and (ii) the total number of hours of services rendered by each person itemized by project category, is annexed as **Exhibit B**.

7. A list of expenses for which the Firm seeks reimbursement is annexed as **Exhibit C.**

8. The legal services rendered by the Firm are described in detail in the Firm's time records, a copy of which is annexed as **Exhibit D.** The time records are kept in units of a tenth of an hour and are prepared contemporaneously or substantially contemporaneously with the work performed.

9. On October 21, 2003 ("Petition Date"), Milky Way Productions, Inc. filed a voluntary petition for relief under chapter 11 and, thereafter, remained in possession of its property and management of its affairs as a debtor in possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

10. The Debtor was engaged in the business of providing adult entertainment, including publishing a well-known adult periodical known as Screw Magazine. The Debtor was

also engaged in related business activities, including the operation of an internet website and telephone services offering adult content to consumers on a time-billed basis.

11.     On December 3, 2003, upon motion by the U. S. Trustee's Office, the Court entered an order converting this case to a chapter 7 liquidation.

12.     On December 4, 2003, Roy Babitt was appointed Interim Trustee and, thereafter, qualified as permanent Trustee.  Pursuant to § 727 of the Bankruptcy Code, the Trustee was authorized to operate the Debtor's business.

13.     The Court authorized the Trustee to retain DMH as the Trustee's attorneys effective as of December 3, 2003, by order dated December 16, 2003, a copy of which is annexed as **Exhibit E**.  The retention order authorized DMH to be compensated for professional services rendered on an hourly basis, plus reimbursement of the actual, reasonable and necessary expenses paid or incurred on the Trustee's behalf.  Thereafter, By order dated March 28, 2007, the Trustee substituted the firm of Arent Fox LLP as counsel for the Trustee.   .

14.     By order of the Court dated February 9, 2004, Marcum & Kliegman, LLP was retained as accountants for the Trustee.

15.     The professional services for which compensation is sought were rendered by the Firm solely on behalf of the Trustee.

16.     The Firm has approximately 45 attorneys with offices in Manhattan, Garden City, Albany and Washington, D.C.  The Firm regularly practices bankruptcy law in the Southern District of New York, including chapter 11 reorganizations and chapter 7 liquidations. The Firm has represented debtors and debtors-in-possession, creditors committees, panel trustees and other parties in interest in numerous bankruptcy cases.

17. The Firm has not received any payment or promise of payment for its services in connection with this case other than as discussed in this application and the accompanying certification. The Firm has not shared or agreed to share any portion of the compensation received, or to be received, in this case with any person other than the Firm's partners, associates and other employees, in accordance with the provisions of the Bankruptcy Code and Rules.

18. The Firm did not receive any retainer and, to date, has not received any payment of compensation except for an award of interim compensation, as follows: by order dated December 10, 2004, the Firm received payment of $135,000 in fees and $880.48 for reimbursement expenses, along with a holdback of $15,000.

19. This application summarizes the legal services rendered by the Firm and does not attempt to describe all of the legal services rendered by the Firm during the Application Period.

20. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought is § 330 of the Bankruptcy Code.

### III.   **LEGAL SERVICES RENDERED**

21. The legal services rendered by the Firm during the Application Period covered the following project categories:

- Asset Analysis and Recovery
- Asset Disposition
- Case Administration
- Fee/Employment Applications

When specific legal services include multiple project categories that could not be easily apportioned among the different categories, the time was usually allocated to the project category

that involved the most time. The following is a summary of the legal services rendered in each project category.

**Asset Analysis and Recovery**

22.    This project category includes the identification and review of potential assets including causes of action and non-litigation recoveries.

23.    The services rendered include:

a.    the review of debtor's books and records and a detailed analysis by the Trustee's accountants to determine whether there were 90-day and one year insider preferential transfers by the Debtor that could be recovered for the benefit of the estate.

b.    review and analysis of documentation supporting ordinary course of business defenses.

c.    discussions with the Debtor's representatives regarding potential fraudulent conveyance claims.

d.    review of documentation relating to Verizon, which operated certain telephone lines pursuant to which the Debtor provided adult content on a paid basis, and accounting of funds that Verizon paid to third parties, preparation of document requests to Verizon, issuance of a subpoena to Verizon to require its compliance with the Trustee's document requests, and preparation of a motion to compel to require Verizon's compliance with the document requests.

e.    preparation of two adversary proceedings to recover voidable preferential transfers, noticing of defaults when the defendants failed to respond to the complaints, preparation of motions for default judgments, litigation over one defendant's opposition to the default judgment, collection of the default judgment of $6,500 from defendant Capital One bank, and attendance at related Court hearings.

24.    The Firm spent **79.75    hours** on this project category resulting in fees of

**$29,775.50.**

## Asset Disposition

25. This project category includes sales, leases, abandonment and related transaction work.

26. The legal services rendered include:

a. Extensive negotiations with counsel for Merrill Lynch Credit Corporation relating to its $400,000 secured claim and the disposition of $475,000 in proceeds from the sale of a house in Pompano Beach, Florida (**"Florida Property"**) titled in the name of Alvin Goldstein, the Debtor's President and sole shareholder, but where the Trustee's investigation revealed that the Debtor paid most, if not all of the expenses for the Florida Property including the mortgage and real estate tax payments. From the sale proceeds, the Trustee obtained an agreement to have $475,000 turned over to the estate, subject to the claims of Merrill Lynch which asserted a second mortgage on the Florida Property that had not been satisfied from the closing proceeds, and which had obtained an Order of Attachment on the sale proceeds from a Florida state court. These negotiations culminated in an agreement memorialized in a letter dated September 24, 2004, whereby Merrill Lynch would receive $205,000, and the estate $270,000, from the sale proceeds.

b. preparation of an Application dated September 29, 2004, seeking Court approval for the agreement between the Trustee and Merrill Lynch, as well as a related agreement with Mr. Goldstein who claimed an ownership interest in the Florida Property as compensation, in lieu of salary, for services rendered to the Debtor.

c. attendance at the Court hearing approving the Trustee's application, and related legal services thereafter to consummate these agreements.

d. extensive negotiations with DJK Productions, Inc. and other interested parties regarding the sale by the Trustee of various assets relating to SCREW magazine and other publications, including the trademark, logo design, copyright and intellectual property rights, the Screwmag.com website, and electronic storage media files for the publications.

e. preparation of an Asset Purchase and Sale Agreement dated October 20, 2004 pursuant to which the Trustee proposed to sell these assets to DJK for $35,000 together with the waiver by DJK of an administrative claim in the amount of at least $17,000.

f. preparation of an Application for approval of bidding and sale procedures including a break-up fee and a topping fee.

g. appearance at the Court hearing on October 23, 2004 pursuant to which the Court approved the Trustee's Application.

h. preparation of various documents to consummate the sale and numerous communications with counsel for the purchaser regarding closing issues.

i. Preparation of a Notice of Proposed Abandonment of Property, specifically the contents of a storage unit at Chelsea Mini Storage that applicant determined was the personal property of Al Goldstein.

27. The Firm spent **74.40 hours** on this project category resulting in fees of **$29,645.50**.

**Case Administration**

28. This project category includes coordination and compliance activities; contacts with the U.S. Trustee's office; United States Trustee interim statements and operating reports; general creditor inquiries.

29. The legal services rendered include review of the operating reports prepared by the Debtor's management and the Trustee.

30. The Firm spent **27.80 hours** on this project category resulting in fees of **$6,270.50**.

**Fee/Employment Applications**

31. This project category includes the preparation of employment and fee applications for the Firm and others.

32. The legal services rendered include the preparation of employment applications for the Accountants for the trustee; preparation of Firm's interim application for compensation[1] and attendance at the Court hearing on December 9, 2004 relating to the interim application for compensation.

---

[1] The Firm is not seeking any compensation for the preparation of its final application for compensation.

33. The Firm expended **34.95 hours** of legal services on this project category resulting in fees of **$13,662.50**. However, the Firm has voluntarily reduced the fees for this project category by $5,000, including a time entry on 11/1/04 for 2.9 hours and fees of $1,305 because there is no description for the services rendered. Accordingly, the fees for this project category total $8,662.50.

## IV. REQUEST FOR COMPENSATION

34. Applicant requests a final award of compensation totaling **$75,187.99**, including legal fees of **$74,354.00** for the Application Period, and reimbursement of expenses totaling **$833.99.**

35. Applicant also requests payment of **$15,000.00** representing the prior holdback s.

36. Section 330(a)(1) provides that after notice and a hearing the court may award to a professional person employed under section 327 or 1103:

> a. Reasonable compensation for actual, necessary services rendered by the ... professional person, or attorney and by any paraprofessional person employed by and such person; and

> b. Reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1). Similarly, pursuant to § 331 of the Bankruptcy Code, the Court may award interim compensation to a professional person.

37. The standard for awarding compensation is that "if the services ... 'are reasonably likely to benefit the Debtor's estate, they should be compensable.'" In re Ames Department Stores , Inc., 76 F.3d 66, 72 (2 Cir. 1996), *quoting*, 2 Collier P 330.04 at 330-43.

38. While "the bankruptcy court may reduce or disallow a request [for fees] if the underlying services conferred no real benefit on the estate ... the test is an objective one, and considers 'what services a reasonable lawyer or legal firm would have performed in the same

circumstances.'" In re Keene Corp., 205 B.R. 690, 696 (Bankr. S.D.N.Y. 1997), *quoting*, In re Ames Department Stores, Inc., 76 F.3d at 72. "This standard does not rely on perfect hindsight, which the court must scrupulously avoid in making fee awards." In re Angelika Films 57[th] Inc., 227 B.R. 29 at 42.

39.     When reviewing fee applications, courts generally use the "lodestar" approach whereby the court first establishes a reasonable hourly rate of compensation based on the value of the services provided and the cost of comparable services, and then multiplies such rate by the reasonable number of compensable hours.   In re Busy Beaver Bldg. Center, Inc., 19 F.3d 833, 848 (3d Cir. 1994).

40.     Factors that courts have considered when reviewing fee applications include: (a) the amounts resulting from time and labor devoted and the results achieved to date; (b) the novelty and difficulty of the questions presented; (c) the skill requisite to performing properly the legal services; (d) the preclusion of other employment; (e) the customary fee to private clients for the services rendered; (f) awards in similar cases; (g) time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than in regular business hours; (h) the experience, reputation and ability of the attorney rendering services; and (i) the nature and length of the professional relationship with the client. *See* Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974); In re First Colonial Corp. of Am., 544 F.2d 1291, 1294 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977).

41.     Applicant submits that the legal services it rendered during the Application Period were all reasonably likely to benefit the Debtor's estate.

42.     Accordingly, Applicant submits that it has met its burden of proving the reasonableness of its request for compensation.

**WHEREFORE**, Applicant respectfully requests the entry of an order granting this application, for which no previous request has been made, and that this Court grant such other and further relief it deems just and proper.

Dated: New York, New York
     August 29, 2011            DAVIDOFF MALITO & HUTCHER LLP

                                By:  /s/ David Wander
                                     David. Wander, Esq.
                                     A Member of the Firm
                              605 Third Avenue, 34th Floor
                              New York, New York 10158
                              (212) 557-7200
                              *Former Attorneys for Chapter 7 Trustee*

**EXHIBIT A**

DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue, 34th Floor
New York, New York 10158
(212) 557-7200
David Wander, Esq. (dhw@dmlegal.com)
*Former Attorneys for Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:                                                   Chapter 7

MILKY WAY PRODUCTIONS,                                    Case No. 03-42497 (RDD)

                              Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## CERTIFICATION BY DAVID WANDER IN CONNECTION WITH FIRST AND FINAL APPLICATION FOR COMPENSATION BY DAVIDOFF MALITO & HUTCHER LLP, FORMER ATTORNEYS FOR CHAPTER 7 TRUSTEE

**DAVID H. WANDER**, hereby certifies under penalty of perjury, as follows:

1.      I am a member of Davidoff Malito & Hutcher LLP, ("Applicant"), former attorneys for Chapter 7 Trustee ("Debtor"), debtor and debtor in possession, and I make this certification in connection with Applicant's first and final application for compensation ("Application").

2.      I have reviewed the Application and, to the best of my knowledge, information and belief formed after reasonable inquiry, the contents of the Application are true and accurate. I am very familiar with all of the legal services performed by Applicant on behalf of the Debtor.

3.      There is no agreement or understanding between Applicant and any other person for the sharing of compensation to be received in connection with this case.

00406878.2

4.     I certify that the foregoing statements are true and correct under the penalty of perjury

under the laws of the United States.

Dated: New York, New York
       August 29, 2011

DAVIDOFF MALITO & HUTCHER LLP


By: /s/ David Wander
    David Wander
    605 Third, 34th Floor
    New York, New York 10158
    212-557-7200
    (dhw@dmlegal.com)

*Former Attorneys for Chapter 7 Trustee*

**EXHIBIT B**

## SUMMARY OF PROJECT BILLINGS

| Project | WG (HRS) | WG ($) | AK (HRS) | AK ($) | JM (HRS) | JM ($) | MS (HRS) | MS ($) | CS (HRS) | CS ($) | Total (HRS) | Total ($) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Asset Analysis and Recovery | 49.85 | $22,432.50 | 6.60 | $1,023.00 | 13.50 | $3,315.00 | 2.00 | $860.00 | 7.80 | $2,145.00 | 79.75 | $29,775.50 |
| Asset Disposition | 59.80 | $26,910.00 | 10.10 | $1,565.50 | 4.50 | $1,170.00 | | | | | 74.40 | $29,645.50 |
| Case Administration | 5.40 | $2,430.50 | 19.60 | $3,038.00 | 1.50 | $367.50 | 0.50 | $215.00 | 0.80 | $220.00 | 27.80 | $6,270.50 |
| Fee/Employment Applicants | 27.95 | $12,577.50 | 7.00 | $1,085.00 | | | | | | | 34.95 | $13,662.50 |
| TOTAL | 143.00 | $64,350.50 | 43.30 | $6,711.50 | 19.50 | $4,852.50 | 2.50 | $1,075.00 | 8.60 | $2,365.00 | 216.90 | $79,354.00 |

## LIST OF PROFESSIONALS AND PARAPROFESSIONALS

| | | |
|---|---|---|
| WG Warren R. Graham | $450 | |
| AK Andrea Klein | $155 | |
| JM Jarred Mermelstein | $245 | $260 |
| MS Mark Spund | $430 | |
| CS Cleo Sharaf | $275 | |

## APPLICANT'S PERSONNEL

| NAME | POSITION | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION ($) |
|---|---|---|---|---|---|
| Warren R. Graham | Partner | 1981 | 450 | 143.00 | $64,350.50 |
| Mark Spund | Partner | 1975 | 430 | 2.50 | $1,075.00 |
| Andrea Klein | Paralegal | N/A | 155 | 44.50 | $6,711.50 |
| Jared Mermelstein | Paralegal | N/A | 260 | 19.50 | $4,852.50 |
| Cleo F. Sharaf | Attorney | | 275 | 8.60 | $2,365.00 |
| Total | | | | 216.90 | $79,354.50 |
| Blended Hourly Rate | | | | | 365.85 |

**EXHIBIT C**

| EXPENSES | | | | | | Secretarial | |
|---|---|---|---|---|---|---|---|
| Photocopies | Lexis | Fax | Messenger | Transportation | Pacer | Overtime | TOTALS |
| $570.10 | $48.07 | $155.75 | $13.95 | $12.00 | $2.12 | $32.00 | $833.99 |

**EXHIBIT D**

# Detail Fee Transaction File List
DAVIDOFF MALITO & HUTCHER LLP

| Client | Trans Date | Atty | Rate | Hours to Bill | Amount | |
|---|---|---|---|---|---|---|
| **Client ID 6532.090 Babitt/Roy** | | | | | | |
| 6532.090 | 10/15/2004 | WRG | 450.00 | 5.20 | 2,340.00 | Further revisions to contract of sale and conferences with attorney for purchaser re: same (3.10); Commence drafting papers in support of same (2.10) |
| 6532.090 | 10/18/2004 | WRG | 450.00 | 5.20 | 2,340.00 | Further review and revisions to asset purchase agreement and motion to approve same |
| 6532.090 | 10/21/2004 | WRG | 450.00 | 1.20 | 540.00 | Attending meeting with M. Spund re: preference complaints (.50); Reviewing drafts of same (.70) |
| 6532.090 | 10/21/2004 | WRG | 450.00 | 2.20 | 990.00 | Final revisions to asset purchase agreement (2.20); |
| 6532.090 | 10/22/2004 | WRG | 450.00 | 4.20 | 1,890.00 | Revisions to motion to sell assets; Arranging for service and filing of same |
| 6532.090 | 11/03/2004 | WRG | 450.00 | 0.90 | 405.00 | Exchanging correspondence with accountants re: preparation of operating reports and motion to sell assets (.40); Telephone conferences with attorney for buyer re: issues concerning asset sale (.50) |
| 6532.090 | 11/04/2004 | WRG | 450.00 | 2.30 | 1,035.00 | Numerous conferences with attorney for purchaser re: closing issues in connection with sale of business |
| 6532.090 | 11/05/2004 | WRG | 450.00 | 0.50 | 225.00 | Correspondence with attorney for bank re: payment of stipulated amount on sale of Florida residence (.50); |
| 6532.090 | 11/05/2004 | WRG | 450.00 | 1.20 | 540.00 | Telephone conference with business purchaser's attorney re: closing issues (1.20) |
| 6532.090 | 11/09/2004 | WRG | 450.00 | 1.20 | 540.00 | Dealing with closing issues (1.20) |
| 6532.090 | 11/10/2004 | WRG | 450.00 | 2.70 | 1,215.00 | Address of closing issues (2.70) |
| 6532.090 | 11/11/2004 | WRG | 450.00 | 0.40 | 180.00 | Telephone conferences with attorney for purchaser re: closing issues (.40) |
| 6532.090 | 12/02/2004 | WRG | 450.00 | 2.90 | 1,305.00 | Work on preference adversary proceedings |
| 6532.090 | 12/03/2004 | WRG | 450.00 | 2.30 | 1,035.00 | Work on preference litigations |
| 6532.090 | 12/06/2004 | WRG | 450.00 | 2.50 | 1,125.00 | Work on preference litigations |
| 6532.090 | 12/13/2004 | WRG | 450.00 | 2.30 | 1,035.00 | Preparing for hearings on December 14, 2004 |
| 6532.090 | 12/14/2004 | WRG | 450.00 | 2.90 | 1,305.00 | Attending hearings in Bankruptcy Court on adversary proceeding pre-trial conferences |
| 6532.090 | 12/15/2004 | WRG | 450.00 | 1.30 | 585.00 | Conferring with M. Abraham re: submission of default papers on adversary proceedings |
| 6532.090 | 12/17/2004 | WRG | 450.00 | 1.70 | 765.00 | Reviewing and revising papers in connection with default in adversary proceedings |
| 6532.090 | 01/06/2005 | WRG | 450.00 | 1.50 | 675.00 | Reviewing files in connection with outstanding preference complaints and requests for default judgments, including documents received from defendant to support ordinary course defense |
| 6532.090 | 01/11/2005 | WRG | 450.00 | 1.80 | 810.00 | Work on adversary proceedings for preference claims |
| 6532.090 | 01/19/2005 | WRG | 450.00 | 2.25 | 1,012.50 | Preparing for hearing on default judgments in Bankruptcy Court, including telephone conferences with attorney for defendant re: same |
| 6532.090 | 09/12/2005 | WRG | 450.00 | 0.60 | 270.00 | Telephone conferences with representatives of debtor re: potential fraudulent conveyance claims |
| 6532.090 | 09/20/2005 | WRG | 450.00 | 0.60 | 270.00 | Telephone conference with client and debtor's representatives re: various potential fraudulent commands claims |
| **Subtotal for Attorney WRG** | | | Billable | 49.85 | 22,432.50 | Warren R. Graham |
| 6532.090 | 09/07/2004 | AK | 155.00 | 0.50 | 77.50 | Reviewing material received from Trustee's accountants re: Verizon claims (.50); |
| 6532.090 | 10/18/2004 | AK | 155.00 | 0.50 | 77.50 | Calls from Bill Lustig regarding access to Al's locker  Call from Paula Chang re: purchase of Media Ranch assets.  Review email from counsel regarding asset purchase.  Email to counsel to call people. |
| 6532.090 | 10/19/2004 | AK | 155.00 | 0.40 | 62.00 | Emails to/from accountant regarding document request. |
| 6532.090 | 10/21/2004 | AK | 155.00 | 0.20 | 31.00 | Call from accountant regarding payment. |
| 6532.090 | 10/22/2004 | AK | 155.00 | 1.00 | 155.00 | Calls to court for dates for adversary proceedings. (.2)  Draft summons for two adversaries (6) |
| 6532.090 | 10/22/2004 | AK | 155.00 | 0.30 | 46.50 | Review filed motion.  Speak to counsel re: same. |
| 6532.090 | 10/28/2004 | AK | 155.00 | 0.60 | 93.00 | Review, convert files to PDF and electronically file adversaries in case. |
| 6532.090 | 11/04/2004 | AK | 155.00 | 1.90 | 294.50 | Convert notice and application to PDF and review same (.6).  Electronically file same with court. (.6). Copy labels, affix to envelopes and Mail out notices (.9) |
| 6532.090 | 11/29/2004 | AK | 155.00 | 1.00 | 155.00 | Continued work on case.  Review petition (.2)  Call |

| Client | Trans Date | Atty | Rate | Hours to Bill | Amount | |
|--------|-----------|------|------|---------------|--------|---|
| Client ID 6532.090 Babitt/Roy | | | | | | |
| | | | | | | to debtors counsel and debtor regarding further information. (.4) Call to Seafax (.2). speak with counsel and trustee (.2) |
| 6532.090 | 09/12/2005 | AK | 155.00 | 0.20 | 31.00 | Review Judgement against Capital One. |
| Subtotal for Attorney AK | | | Billable | 6.60 | 1,023.00 | Andrea Klein |
| 6532.090 | 12/13/2004 | JXM | 245.00 | 1.00 | 245.00 | Review bankruptcy file; meeting with W. Graham re: hearing on default judgment |
| 6532.090 | 12/14/2004 | JXM | 245.00 | 3.00 | 735.00 | Attend Bankruptcy Court -- hearing on default judgment |
| 6532.090 | 12/16/2004 | JXM | 245.00 | 2.50 | 612.50 | Draft notice of motion; draft application for attorneys fees and settlement order; telephone conversation with Borovina re: fees and investments |
| 6532.090 | 12/21/2004 | JXM | 245.00 | 1.00 | 245.00 | Draft Milky Way Order |
| 6532.090 | 12/21/2004 | JXM | 245.00 | 1.00 | 245.00 | Draft Lusterman order |
| 6532.090 | 12/22/2004 | JXM | 245.00 | 1.50 | 367.50 | Bankruptcy - Default Judgment Order; draft and revisions to applications and notice |
| 6532.090 | 12/28/2004 | JXM | 245.00 | 1.50 | 367.50 | File notice, order, affidavit of service for default judgment |
| 6532.090 | 12/28/2004 | JXM | 245.00 | 1.50 | 367.50 | File notice of motion, order, affidavit of service for default judgment |
| 6532.090 | 01/10/2005 | JXM | 260.00 | 0.50 | 130.00 | Telephone call to Clerk and U.S. Trustee re: Milky Way hearing adjournment |
| Subtotal for Attorney JXM | | | Billable | 13.50 | 3,315.00 | Jared Mermelstein |
| 6532.090 | 10/19/2004 | MES | 430.00 | 1.00 | 430.00 | Reviewing documents for accountant; conferring with Warren Graham; drafting Complaint for Preference Action for Lusterman Penn |
| 6532.090 | 10/20/2004 | MES | 430.00 | 1.00 | 430.00 | Various phone calls with Kathleen Sukos - accountant at Marcus & Kleigman, re: payments to Capital One; drafting, revising Preference Complaint for Capital One Bank; research, re: incorporation and corporate office of Capital One Bank for service purposes |
| Subtotal for Attorney MES | | | Billable | 2.00 | 860.00 | Mark Spund |
| 6532.090 | 06/10/2005 | CFS | 275.00 | 0.20 | 55.00 | Department- litigation meeting |
| 6532.090 | 07/25/2005 | CFS | 275.00 | 0.10 | 27.50 | Left message for K. Suker re status of accounting of funds that Verizon paid to third party |
| 6532.090 | 07/27/2005 | CFS | 275.00 | 0.10 | 27.50 | Reviewed voicemail from Kathleen Suker re Verizon |
| 6532.090 | 07/27/2005 | CFS | 275.00 | 0.10 | 27.50 | Left message for K. Suker re Verizon accounting |
| 6532.090 | 07/29/2005 | CFS | 275.00 | 0.20 | 55.00 | Telephone conference with K. Suker re third parties' failure to cooperate re verizon document request |
| 6532.090 | 08/01/2005 | CFS | 275.00 | 0.30 | 82.50 | Received and reviewed e-mail from K. Suker re status of Verizon accounting and received correspondence |
| 6532.090 | 08/22/2005 | CFS | 275.00 | 0.30 | 82.50 | Reviewed accountants correspondence with Verizon to determine outstanding document demand |
| 6532.090 | 08/22/2005 | CFS | 275.00 | 2.50 | 687.50 | Drafted subpoena on Verizon regarding new revenue and reconciliation of uncollectable accounts |
| 6532.090 | 08/31/2005 | CFS | 275.00 | 0.10 | 27.50 | Reviewed signed subpoena from W. Graham |
| 6532.090 | 08/31/2005 | CFS | 275.00 | 0.10 | 27.50 | Gave secretary service instructions re subpoenas |
| 6532.090 | 08/31/2005 | CFS | 275.00 | 0.10 | 27.50 | E-mailed notice of subpoena production deadline to bankruptcy group |
| 6532.090 | 10/21/2005 | CFS | 275.00 | 3.70 | 1,017.50 | Drafted motion to compel Verizon's compliance with Trustee's subpoena |
| Subtotal for Attorney CFS | | | Billable | 7.80 | 2,145.00 | Cleo F. Sharaf |
| Total for Client ID 6532.090 | | | Billable | 79.76 | 28,776.50 | Babitt/Roy MILKY WAY / ASSET ANALYSIS AND RECOVER |
| Client ID 6532.091 Babitt/Roy | | | | | | |
| 6532.091 | 09/01/2004 | WRG | 450.00 | 3.30 | 1,485.00 | Commencing drafting papers in support of settlement |

| Client | Trans Date | Atty | Rate | Hours to Bill | Amount | |
|--------|-----------|------|------|--------------|--------|---|
| Client ID 6532.091 Babitt/Roy | | | | | | |
| | | | | | | agreement with Al Goldstein (1.90); Telephone conferences with attorney for mortgagee re: possible settlement of disputed secured claim (.60); Reviewing files and title reports in connection with same (.80) |
| 6532.091 | 09/02/2004 | WRG | 450.00 | 1.50 | 675.00 | Numerous conversations with mortgagee's counsel re: settlement of disputed security plan (1.10); Reviewing file in connection with same (.40) |
| 6532.091 | 09/08/2004 | WRG | 450.00 | 2.50 | 1,125.00 | Commencing drafting settlement papers |
| 6532.091 | 09/10/2004 | WRG | 450.00 | 2.20 | 990.00 | Continue drafting settlement papers |
| 6532.091 | 09/13/2004 | WRG | 450.00 | 2.20 | 990.00 | Continue drafting settlement papers |
| 6532.091 | 09/14/2004 | WRG | 450.00 | 2.70 | 1,215.00 | Continue drafting settlement papers (1.90); Conference calls with attorneys for mortgagee re: settlement of secured claim (.80) |
| 6532.091 | 09/15/2004 | WRG | 450.00 | 1.20 | 540.00 | Continue drafting settlement papers, including settlement of claim with mortgagee on Florida residence |
| 6532.091 | 09/22/2004 | WRG | 450.00 | 1.20 | 540.00 | Commence drafting papers in support of approval of settlement |
| 6532.091 | 09/24/2004 | WRG | 450.00 | 1.90 | 855.00 | Continue drafting papers for Bankruptcy Court approval of settlements of Goldstein and Merrill Lynch disputes |
| 6532.091 | 10/05/2004 | WRG | 450.00 | 2.20 | 990.00 | Drafting and revising settlement papers |
| 6532.091 | 10/08/2004 | WRG | 450.00 | 1.10 | 495.00 | |
| 6532.091 | 10/08/2004 | WRG | 450.00 | 0.80 | 360.00 | Revising papers re: proposed settlements before Bankruptcy Court (.80) |
| 6532.091 | 10/14/2004 | WRG | 450.00 | 3.00 | 1,350.00 | Telephone conference with attorney for purchaser of publishing business re: sales issues (.70); Reviewing and revising draft of contract (2.30) |
| 6532.091 | 10/19/2004 | WRG | 450.00 | 3.30 | 1,485.00 | Continuing to draft motion papers with respect to sale of business (3.30) |
| 6532.091 | 10/19/2004 | WRG | 450.00 | 6.00 | 2,700.00 | |
| 6532.091 | 10/19/2004 | WRG | 450.00 | 2.70 | 1,215.00 | Attending hearing in Bankruptcy Court on 9019 Motion concerning Florida residence (2.70); S |
| 6532.091 | 10/21/2004 | WRG | 450.00 | 4.80 | 2,160.00 | Drafting and revising motion to sell assets in Bankruptcy Court (4.80) |
| 6532.091 | 10/21/2004 | WRG | 450.00 | 7.00 | 3,150.00 | |
| 6532.091 | 11/18/2004 | WRG | 450.00 | 0.50 | 225.00 | Telephone conferences with buyer's counsel re: scheduled hearing on sale and bidding procedures |
| 6532.091 | 11/19/2004 | WRG | 450.00 | 2.70 | 1,215.00 | Preparing for 363 sale, including review of file and telephone conference with Clerk of Court re: bidding procedures and telephone conferences with attorney for purchaser re: closing issues and requirements |
| 6532.091 | 11/22/2004 | WRG | 450.00 | 1.50 | 675.00 | Preparing for hearings on November 23, 2004 |
| 6532.091 | 11/23/2004 | WRG | 450.00 | 3.20 | 1,440.00 | Attending hearing in Bankruptcy Court on sale of assets (2.50); Revising Order and arrange for submission to Bankruptcy Court (.70) |
| 6532.091 | 11/29/2004 | WRG | 450.00 | 2.30 | 1,035.00 | Numerous telephone conferences with attorney for purchaser re: closing issues (1.20); Draft and revise bill of sale in connection with same (1.10) |
| Subtotal for Attorney WRG | | | Billable | 59.80 | 26,910.00 | Warren R. Graham |
| 6532.091 | 09/07/2004 | AK | 155.00 | 1.60 | 248.00 | Telephone conferences with attorney for mortgagee re: resolution of dispute on secured claim (.70); Reviewing files in connection with same (.40) |
| 6532.091 | 09/27/2004 | AK | 155.00 | 0.20 | 31.00 | Email from possible purchaser of assets. Forward to counsel. |
| 6532.091 | 09/29/2004 | AK | 155.00 | 0.20 | 31.00 | Discussion with counsel regarding sale of business. |
| 6532.091 | 10/05/2004 | AK | 155.00 | 0.10 | 15.50 | Call from potential purchaser of Screw. Refer same to counsel. |
| 6532.091 | 10/08/2004 | AK | 155.00 | 2.20 | 341.00 | Revise, convert and upload notice and motion to approve compromise. Convert affidavit of service and upload. (1.4) Assist with compilation of mailing list and mailing out notices.(.8) |
| 6532.091 | 10/12/2004 | AK | 155.00 | 0.50 | 77.50 | Speak to Trustee and counsel re: Kelly sale. |
| 6532.091 | 10/14/2004 | AK | 155.00 | 1.80 | 279.00 | Scan documents into PDF (.3) . Electronically file 9019 motion, affidavits. (.8) Compile new file for same (.1) Operating Reports (.3) Find numbers for |

# Detail Fee Transaction File List
## DAVIDOFF MALITO & HUTCHER LLP

| Client | Trans Date | Atty | Rate | Hours to Bill | Amount | |
|---|---|---|---|---|---|---|
| _lient ID 6532.091 Babitt/Roy | | | | | | |
| | | | | | | counsel (.2) Speak to counsel regarding contents of storage locker (.1) |
| 6532.091 | 10/20/2004 | AK | 155.00 | 0.20 | 31.00 | Review order approving compromise. Download and file. |
| 6532.091 | 10/27/2004 | AK | 155.00 | 0.20 | 31.00 | Call to Bill Lustig. |
| 6532.091 | 11/12/2004 | AK | 155.00 | 1.00 | 155.00 | Prepare notice of abandonment. Discuss same with counsel. Prepare mailing list. |
| 6532.091 | 11/15/2004 | AK | 155.00 | 0.20 | 31.00 | Call from Bill Lustig regarding storage unit. |
| 6532.091 | 11/16/2004 | AK | 155.00 | 0.20 | 31.00 | Speak with Trustee regarding case, transfer of funds and abandonment of locker. |
| 6532.091 | 11/17/2004 | AK | 155.00 | 0.50 | 77.50 | Call to Greenberg Traurig regarding check. Review ecf and pull copy of order and application. |
| 6532.091 | 11/19/2004 | AK | 155.00 | 0.20 | 31.00 | Email from Bill Lustig re: corporate book for Midnight Blue. |
| 6532.091 | 11/23/2004 | AK | 155.00 | 0.30 | 46.50 | Attention to files and filing |
| 6532.091 | 11/23/2004 | AK | 155.00 | 0.30 | 46.50 | Prepare file for court. |
| 6532.091 | 11/24/2004 | AK | 155.00 | 0.20 | 31.00 | Print and review OUST objection. Forward same to accountant. |
| 6532.091 | 11/24/2004 | AK | 155.00 | 0.20 | 31.00 | Review and print order to sell. |
| **Subtotal for Attorney AK** | | | Billable | 10.10 | 1,565.50 | Andrea Klein |
| 6532.091 | 01/06/2005 | JXM | 260.00 | 2.00 | 520.00 | Revise papers for Declaratory Judgment |
| 6532.091 | 01/07/2005 | JXM | 260.00 | 2.50 | 650.00 | Bankruptcy filings on Declaratory Judgment papers; research for filing |
| **Subtotal for Attorney JXM** | | | Billable | 4.50 | 1,170.00 | Jared Mermelstein |
| **Total for Client ID 6532.091 Babitt/Roy** | | | Billable | 74.40 | 29,646.50 | Babitt/Roy |
| | | | | | | MILKY WAY - ASSET DISPOSITION |
| **Client ID 6532.094 Babitt/Roy** | | | | | | |
| 6532.094 | 09/03/2004 | WRG | 450.00 | 1.70 | 765.00 | Reviewing operating reports prepared by management and Trustee's accountants |
| 6532.094 | 09/28/2004 | WRG | 450.00 | 3.10 | 1,395.00 | Reviewing operating reports for June and July 2004 prepared by accountants (1.30); Continue drafting settlement papers for submission to Bankruptcy Court (1.80) |
| 6532.094 | 10/08/2004 | WRG | 450.00 | 0.30 | 135.00 | Letter to principal of company re: abandonment of assets in storage (.30); |
| 6532.094 | 11/05/2004 | WRG | 450.00 | 0.30 | 135.00 | Telephone conference with accountant re: operating statements (.30); |
| **Subtotal for Attorney WRG** | | | Billable | 5.40 | 2,430.00 | Warren R. Graham |
| 6532.094 | 09/03/2004 | AK | 155.00 | 0.60 | 93.00 | Review mail and forward to accountant. Speak to accountant. Review operating reports and print out same. |
| 6532.094 | 09/07/2004 | AK | 155.00 | 0.30 | 46.50 | Review operating reports. |
| 6532.094 | 09/08/2004 | AK | 155.00 | 0.80 | 124.00 | Speak to counsel regarding operaitng reports and sale of business. Attention to filing and review of mail. Forward notices to accountant. |
| 6532.094 | 09/09/2004 | AK | 155.00 | 0.40 | 62.00 | Review accountants report of receipts and disbursements. Print same. |
| 6532.094 | 09/14/2004 | AK | 155.00 | 1.60 | 248.00 | Convert and upload eight months of operating reports. |
| 6532.094 | 09/15/2004 | AK | 155.00 | 0.20 | 31.00 | Speak to trustee regarding progress of case and check deposited. |
| 6532.094 | 09/21/2004 | AK | 155.00 | 0.40 | 62.00 | Review mail. Forward tax notices to accountant. Review proof of claims filed. |
| 6532.094 | 09/22/2004 | AK | 155.00 | | 0.00 | Meet with Trustee and counsel. Discuss status of case. |
| 6532.094 | 09/23/2004 | AK | 155.00 | 0.40 | 62.00 | Attention to files and filing. Update case list. |
| 6532.094 | 09/30/2004 | AK | 155.00 | 0.30 | 46.50 | Calls to court for date for motion at request of counsel. |
| 6532.094 | 10/07/2004 | AK | 155.00 | 1.90 | 294.50 | Review mail.( Forward notices to accountant. (.4) Find Kevin Hine phone number for counsel and email |

# Detail Fee Transaction File List
DAVIDOFF MALITO & HUTCHER LLP

| Client | Trans Date | Atty | Rate | Hours to Bill | Amount | |
|---|---|---|---|---|---|---|

**Client ID 6532.094 Babitt/Roy**

| | | | | | | same (.2). Scan in operating reports. Review same. Electronically file. Make up new files for each.(1.3) |
|---|---|---|---|---|---|---|
| 6532.094 | 10/11/2004 | AK | 155.00 | | 0.00 | Daily transmissions at Trustee's. Travel to/from |
| 6532.094 | 10/11/2004 | AK | 155.00 | 0.50 | 77.50 | Review emails from K. Suker regarding disposal of boxes and disbursements expenses for August. Speak with Trustee regarding same. Call to Kathleen. |
| 6532.094 | 10/12/2004 | AK | 155.00 | 0.20 | 31.00 | Email to K. Suker re: expenses/disbursements |
| 6532.094 | 10/15/2004 | AK | 155.00 | 0.20 | 31.00 | Review mail. Forward tax notices to accountant. |
| 6532.094 | 10/15/2004 | AK | 155.00 | 0.20 | 31.00 | Email to/from accountant. |
| 6532.094 | 10/20/2004 | AK | 155.00 | 0.20 | 31.00 | Email to accountants not to dispose of documents. |
| 6532.094 | 10/20/2004 | AK | 155.00 | 0.20 | 31.00 | Email to accountant to not dispose of documents. |
| 6532.094 | 10/21/2004 | AK | 155.00 | 4.00 | 620.00 | Go to storage unit with Blue Underground and inventory Media Ranch items. |
| 6532.094 | 10/22/2004 | AK | 155.00 | 0.20 | 31.00 | Call from Bill Lustig re: Al's locker |
| 6532.094 | 10/28/2004 | AK | 155.00 | 4.50 | 697.50 | Travel to/from storage unit. (1) Speak with Bill Lustig re: removal of items from locker pursuant to agreement with Al (1). Further inventory of locker. (2.)Speak to Trustee and counsel regarding abandonment of contents of locker. (.5) |
| 6532.094 | 11/04/2004 | AK | 155.00 | 0.20 | 31.00 | Attention to files and filing |
| 6532.094 | 11/05/2004 | AK | 155.00 | 0.20 | 31.00 | Email regarding keys to storage locker. |
| 6532.094 | 11/09/2004 | AK | 155.00 | 0.40 | 62.00 | Sort mail, review check received and report from creations. receive keys from bill lustig for storage locker. |
| 6532.094 | 01/03/2005 | AK | 155.00 | 0.30 | 46.50 | Call to Creations re: no more bills. Call to Kevin regarding creations billing. |
| 6532.094 | 01/18/2005 | AK | 155.00 | 0.60 | 93.00 | Review case files and discuss same with Trustee, counsel, accountant and if necessary special counsel |
| 6532.094 | 03/09/2005 | AK | 155.00 | 0.20 | 31.00 | Update case list and numbers. |
| 6532.094 | 04/18/2005 | AK | 155.00 | 0.20 | 31.00 | Copy and mail Forms 1 and 2 to accountants per request. |
| 6532.094 | 06/10/2005 | AK | 155.00 | 0.20 | 31.00 | Meeting with counsel on status on case. |
| 6532.094 | 09/19/2005 | AK | 155.00 | 0.20 | 31.00 | Departmental meeting. Discuss status of case with trustee and counsel. |

**Subtotal for Attorney AK**

| | | | | Billable | 19.60 | 3,038.00 | Andrea Klein |
|---|---|---|---|---|---|---|---|

| 6532.094 | 12/23/2004 | JXM | 245.00 | 1.50 | 367.50 | Format documents for filing motions on line (transform documents to Adobe form) |
|---|---|---|---|---|---|---|

**Subtotal for Attorney JXM**

| | | | | Billable | 1.50 | 367.50 | Jared Mermelstein |
|---|---|---|---|---|---|---|---|

| 6532.094 | 10/14/2004 | MES | 430.00 | 0.50 | 215.00 | Reviewing Marcum & Kleigman letter |
|---|---|---|---|---|---|---|

**Subtotal for Attorney MES**

| | | | | Billable | 0.50 | 215.00 | Mark Spund |
|---|---|---|---|---|---|---|---|

| 6532.094 | 05/24/2005 | CFS | 275.00 | 0.10 | 27.50 | Reviewed e-mail from A. Klein re payments to CLEC |
|---|---|---|---|---|---|---|
| 6532.094 | 07/20/2005 | CFS | 275.00 | 0.10 | 27.50 | Department meeting re status |
| 6532.094 | 07/20/2005 | CFS | 275.00 | 0.20 | 55.00 | Meeting with Trustee re progress |
| 6532.094 | 09/19/2005 | CFS | 275.00 | 0.10 | 27.50 | Bankruptcy department meeting re: status |
| 6532.094 | 10/31/2005 | CFS | 275.00 | 0.10 | 27.50 | Telehpone conversation w/ debtor's former officer re status of case |
| 6532.094 | 12/06/2005 | CFS | 275.00 | 0.20 | 55.00 | updated Trustee's case list re status of case (.2) |

**Subtotal for Attorney CFS**

| | | | | Billable | 0.80 | 220.00 | Cleo F. Sharaf |
|---|---|---|---|---|---|---|---|

**Total for Client ID 6532.094**    Billable    27.80    6,270.50    Babitt/Roy

MILKY WAY - CASE ADMINISTRATION

**Client ID 6532.098 Babitt/Roy**

| 6532.098 | 10/28/2004 | WRG | 450.00 | 5.60 | 2,520.00 | Exchanging correspondence with accountant re: abandonment of books and records; Correspondence with client and A. Klein re: same (.40); Drafting fee application (5.20) |
|---|---|---|---|---|---|---|

# Detail Fee Transaction File List
DAVIDOFF MALITO & HUTCHER LLP

| Client | Trans Date | Atty | Rate | Hours to Bill | Amount | |
|--------|-----------|------|------|--------------|--------|---|
| ...ient ID 6532.098 Babit/Roy | | | | | | |
| 6532.098 | 10/29/2004 | WRG | 450.00 | 5.50 | 2,475.00 | Continued drafting of fee application including review of underlying bills for time and disbursements (3.80); Reviewing fee application prepared by Trustee's accountants (1.70) |
| 6532.098 | 11/01/2004 | WRG | 450.00 | 2.90 | 1,305.00 | |
| 6532.098 | 11/02/2004 | WRG | 450.00 | 1.75 | 787.50 | Drafting fee application |
| 6532.098 | 11/09/2004 | WRG | 450.00 | 1.70 | 765.00 | Drafting fee application (1.70); |
| 6532.098 | 11/10/2004 | WRG | 450.00 | 2.20 | 990.00 | Work on fee application (2.20); |
| 6532.098 | 11/10/2004 | WRG | 450.00 | 0.70 | 315.00 | Work on fee application (.70); |
| 6532.098 | 11/12/2004 | WRG | 450.00 | 2.70 | 1,215.00 | Drafting fee application |
| 6532.098 | 12/07/2004 | WRG | 450.00 | 1.50 | 675.00 | Preparing for December 9, 2004 hearings |
| 6532.098 | 12/08/2004 | WRG | 450.00 | 1.20 | 540.00 | Preparing for December 9, 2004 hearing |
| 6532.098 | 12/09/2004 | WRG | 450.00 | 2.20 | 990.00 | Attending hearing in Bankruptcy Court on fee applications and reimbursement claims |

| | | | | | | |
|---|---|---|---|---|---|---|
| Subtotal for Attorney WRG | | | Billable | 27.95 | 12,577.50 | Warren R. Graham |

| Client | Trans Date | Atty | Rate | Hours to Bill | Amount | |
|--------|-----------|------|------|--------------|--------|---|
| 6532.098 | 10/21/2004 | AK | 155.00 | 1.10 | 170.50 | Review application to employ accountant document. (.2) Convert to PDF (.2) . Electronically file same (.2). Draft letter to OUST.( .2) Mail same with proposed order on disc (.2). Make up new file for same (.1) |
| 6532.098 | 10/28/2004 | AK | 155.00 | 0.60 | 93.00 | Review and correct billing memorandum in preparation for fee application. |
| 6532.098 | 10/29/2004 | AK | 155.00 | 1.40 | 217.00 | Further work on interim fee application (.6). Draft certifications, affidavits (.8) |
| 6532.098 | 11/01/2004 | AK | 155.00 | 0.40 | 62.00 | Draft certificate of service |
| 6532.098 | 11/02/2004 | AK | 155.00 | 3.20 | 496.00 | Compute spreadsheet with interims and claims for interim fee application. (.4) Draft notice, revise same (.3) Review application. (.5) Find, add and revise additional certifications and affidavits (.4) Review billing (.3) Discuss same with counsel (.3) Recalculate costs to actual costs (.3) Revise and rerun billing (.3). Copy notice (.4) |
| 6532.098 | 02/03/2005 | AK | 155.00 | 0.30 | 46.50 | Review file, attention to filing. Memo re: retention of accountant. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Subtotal for Attorney AK | | | Billable | 7.00 | 1,085.00 | Andrea Klein |

| | | | | | |
|---|---|---|---|---|---|
| Total for Client ID 6532.098 | | Billable | 34.95 | 13,662.50 | Babit/Roy |
| | | | | | MILKY WAY - FEE EMPLOYMENT APPLICATION |

| | | | | |
|---|---|---|---|---|
| GRAND TOTALS | | | | |
| | Billable | 216.90 | 79,354.00 | |

**EXHIBIT E**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X

In re:                                                    Chapter 7

MILKY WAY PRODUCTIONS, INC.,                              Case No. 03-42497-RDD
                    Debtor.
--------------------------------------------------X

### ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO RETAIN
### DAVIDOFF & MALITO LLP AS HIS ATTORNEYS

UPON the application dated December 9, 2003 (the "Application") of Roy Babitt, Chapter 7

Trustee (ATrustee), of the estate of MILKY WAY PRODUCTIONS, INC.,,, Debtor (ADebtor@), seeking

authority to retain the law firm of Davidoff & Malito LLP (AD&M@),as his attorneys in connection with his

administration of the Debtor's estate, and upon the affidavit of Warren R. Graham duly sworn to on December

9, 2003 in support thereof, and no adverse interest having been shown, and it appearing that the law firm of

D&M and each of its members is a disinterested person neither holds nor represents any interest adverse to the

Trustee or the estate and it appearing that the employment and retention of D&M is necessary and in the best

interest of the estate and the economical administration thereof; it is

ORDERED, that Roy Babitt, Trustee herein, is authorized to retain and employ the law firm of

Davidoff & Malito LLP to act as his attorney, in connection with this case to perform necessary services; and it

is further

ORDERED that all compensation for services rendered and reimbursement of disbursements

incurred by D&M shall be subject to proper written application therefore and further Order of this Court

Dated: New York, New York
       December 16, 2003

                                          /s/Robert D. Drain
                                          HON. ROBERT D. DRAIN
                                          United States Bankruptcy Judge

NO OBJECTION:
United States Trustee for the
Southern District of New York
By:      /s/Mary Elizabeth Tom 12/15/03
         Mary Elizabeth Tom, Esq.